STATE of Vermont v. Dana Martin SHAW

[577 A.2d 286]

No. 89-078

May 29, 1990. In *State v. Shaw*, 149 Vt. 275, 284, 542 A.2d 1106, 1111 (1987), we reversed and remanded defendant's judgments of conviction for sexual assault and felony trespass because the State failed to provide the defense with the victim's statements made in her diary about the alleged offenses. In response to defendant's discovery request for the diary, the State had filed a motion for a protective order urging the court to prevent disclosure so as to protect the victim's privacy, but offering to produce the diary for an in camera inspection by the court. The court granted the State's motion, but did not inspect the relevant diary entries. Following trial in 1985, defendant filed post-trial motions but did not raise any issue about the ruling on the protective order. We instructed the trial court on remand

> to grant defendant's motion to compel discovery of the relevant diary entries. If the court concludes the diary entries contained information that probably would have changed the outcome of the case, the court must order a new trial upon motion of defense counsel. If not, or if the nondisclosure was harmless beyond a reasonable doubt, the court may reinstate defendant's convictions.

We denied the State's motion to reargue in which it was disclosed to us that the diary had been destroyed and no copy had been made. Almost two years before our decision in *State v. Shaw*, and about a month after defendant filed his notice of appeal, complainant had discarded the diary during a move to a new residence.

Following the remand hearing at which the victim and the deputy

state's attorney in charge of the case testified, the trial court found that the prosecutor read the applicable portions of the diary, determined that what she read would not be helpful to defendant, and returned the diary to complainant. The witnesses' reconstruction of what was written in the diary relevant to this prosecution were cryptic references by complainant that defendant, after calling her, had come over to her apartment and raped her and sometime later she told her boy friend about it. The court, after a detailed opinion, reinstated defendant's convictions, and this appeal followed.

This case is governed by the test employed when evidence is lost, namely, "'"a pragmatic balancing" of three factors: (1) the degree of negligence or bad faith on the part of the government; (2) the importance of the evidence lost; and (3) other evidence of guilt adduced at trial.'" *State v. Smith*, 145 Vt. 121, 126, 485 A.2d 124, 127–28 (1984) (quoting *State v. Bailey*, 144 Vt. 86, 95, 475 A.2d 1045, 1050 (1984), paraphrasing *United States v. Bryant*, 439 F.2d 642, 653 (D.C. Cir. 1971)).

The court determined that the negligence on the part of the State was minimal, that the lost evidence had been reconstructed credibly, and that there was a "plethora" of other evidence of guilt. The court concluded that the entries did "nothing to vitiate the credibility of the complaining witness." We conclude that the trial court did not abuse its discretion and appropriately applied the balancing test. See, e.g., *State v. Seifert*, 151 Vt. 66, 70, 557 A.2d 494, 497 (1989) (destroyed evidence must possess exculpatory value apparent before the evidence was destroyed, and comparable evidence must be unattainable by other reasonably available means); see also *State v. Lewis*, 151 Vt. 38, 40–41, 556 A.2d 59, 61–62 (1988) (court employed balancing test, in part, but did not

evaluate the prejudice of lost evidence to defendant because case was remanded for new hearing).

*Affirmed.*